# THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

Ms. I.G. as biological, lawful, natural Mother & next of kin, next of friend for minor S.G.

Ms. I.G. personal representative for minor S.G. under 42 USC 1320d, the Health Insurance

Portability and Accountability Act, and applicable regulations

United States ex rel Ms. I.G.

Ms. I.G. for herself

**23-C-0200**

**Case No.** _____

**-Plaintiffs'**

**v**

Milwaukee Public Schools (doing business as a body corporate)

Office of Board Governance (doing business as a body corporate)

Aaron Shapiro (individual capacity)

Glen Dawursk (individual capacity)

Lawrence Ambrose (individual capacity)

Parent(s)/Guardian(s) of minor K. L. (official and personal capacity)

Rishon Haralson (individual capacity)

**-Defendants'**

## INTRODUCTION

This action is brought pursuant to the express authority of the United States Constitution and federal laws, statutes and regulations hereunder. The defendants' by their acts and/or omissions have waived 'immunity' from suit and liability and by such are estopped to raise such defense(s). Any purported immunity from suit and liability is unconstitutional and violates due process, equal protection, separation of powers, access to courts for legal remedies, prohibition against

special laws, and/or all applicable federal ad/or state constitutional grounds. Exhaustion of remedies, if any are required is futile to the right of actions and/or is unconstitutional regarding such prerequisites. Timely notice was given to the parties named supra via verbally and/or electronically.

The Plaintiffs' are using initials to protect the identities of the minors involved in this action as there has been extreme physical assaults, threats and mistreatments against the minor S.G. and the extreme physical assaults were at the hands of two minors, on two different occasions, one minor, minor K.L. assaults were so brutal and involved intentional use of a deadly weapon on minor S.G.

## Short Plain Statement of Notice of Unconstitutional Acts.

This constitutes 'fair notice' of what the claims are and the grounds for the claims. Officials sued in their personal capacity come to court as individuals. While acting 'under the color of law', the Defendants' named supra in their individual capacities (with the exception of Defendants' Parents'/Guardians of minor K. L.) are all employees and/or agents of the Defendants' acting under the 'color of law' named supra in their individual capacity. All of the Defendants' named supra (with the exception of Defendants' Parents'/Guardians of minor K. L.) have uniformly and in concert engaged in and/or approved of the used false subjective admission criteria to engage in discriminate actions against minor S.G.

The Defendants' further violated their own policies and procedures with their discriminatory actions as well as engaged in and are continuing to engage in retaliation against the Plaintiffs' for exercising their constitutional rights. The defendants' as a whole, subjected

minor S.G. and S.G's mother to violations of their constitutional and human rights by acts and/or omissions, 'under the color of law' as detailed infra.

Parent(s)/Guardian(s) of minor K.L. are responsible for the delinquency of the minor K.L. and are sueable under both state law and federal law as a private party acting under the purport of 'color of law' and/or an arm and/or auxiliary arm of the state.

As a direct and proximate result of the Defendants' actions as a whole and/or individually towards the Plaintiffs', minor S.G. was unable to engage in the continued straight academic achievement that minor S.G. has excelled in and is being denied equal access, opportunity and protection based on status, race and gender discrimination and retaliation. The Defendants' have willfully committed gross negligence and reckless disregard to the various basic and absolute duties owed towards the Plaintiffs' and the Plaintiffs', related, inherent, natural, legal and constitutional rights, to due process all in violation of various civil and/or constitutional rights, contrary to the laws of the United States, and they should be thereof found due and owing to the Plaintiffs' for certain amounts of damages; $350,000,000 and all remedial actions appropriate thereof should be taken expeditiously.

## **FORMAL REQUEST FOR JUDICIAL NOTICE/ JUDICIAL COGNIZANCE FORMAL**

The Plaintiffs' request pursuant to Fed.R.Evidence 201(d) that the court, respectfully speaking take judicial cognizance of the federal laws, statutes and/or codes as cited infra in support of the pleading herein as well as mandatory judicial notice of adjudicative facts as supplied with the information as it relates.

## **FORMAL REQUEST FOR AN ARTICLE III TRIBUNAL/OBJECTION TO NONARTICLE III JURIDICAL PARTICIPATION**

Article III of the Constitution and due process of law encompasses the right of litigants to have "cases" or "controversies" determined by Article III judges. Article III provides a "nonwaivable structural safeguard. The plaintiffs' have an established fundamental right to object to NON Article III judicial participation, a rule fundamental to the concept of ordered liberty ; this right is a jurisdictional requirement compelling the reversal of any case in which that right is violated. It is well-established that litigants cannot confer jurisdiction by consent where none exists. **See Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694 (1982).**

A NON Article III judge cannot by law issue any orders or make references in this action. As noted by the United States Supreme Court in **La Buy v. Howes Leather Co., 352 U.S. 249,** ; "We find that the order of reference here was lacking in power and "amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." [T]he litigants prefer, and are entitled to, the decisions of Article III judges of the court before whom the suit is brought.

## Jurisdiction and Venue

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the United States Constitution as well as the Civil Rights Act, and other enumerated federal protected laws, statues, regulations and/or treaties cited infra. This Court also has personal jurisdiction over Defendants' because the Defendants' have significant minimum contacts with this State of Wisconsin, the city of Milwaukee and/or has its based functions and actions regarding its administrative procedures in the City of Milwaukee located within the State of Wisconsin.

The Defendants' have intentionally availed themselves of the laws of Wisconsin by transacting a substantial amount of business throughout the State and this District, including but

4

not limited to working for businesses located within the State. Venue is proper under 18 U.S.C. § 1965(a), because Defendants' are subject to personal jurisdiction in this District as alleged above, and Defendants' have, are or work for agents located in the City of Milwaukee, located within this District.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, respectfully demands a trial by jury in this action of all triable issues.

## NATURE OF CASE

This case is being brought pursuant to the United States Constitution, Federal Codes, Statutes, Customs & Regulations including but not limited to the Civil Rights Act whereby Plaintiffs' hereby complains of a pattern of denials of equal protection and equal treatment and civil rights violations by the Defendants' and retaliatory conduct that resulted in extreme physical assaults onto the minor S.G. which the Defendants'' knew and or should have known would result and failed to prevent such unlawful and serious physical injuries and harm to minor S.G. Plaintiffs' further complains of a neglect to prevent the same willful discrimination, disparate treatment, negligent, mismanagement, by the Defendants'.

The Defendants' have chilled the Plaintiffs' protected activities and have retaliated against the Plaintiffs' including restricting minor S.G. right to participate in educational opportunities afforded to residents of Wisconsin in violation of civil rights and not acting in accordance with the United States Department of Education Program Integrity Rule. The Plaintiffs' requested but were denied equal access to programs and activities and were not being afforded equal treatment by the Defendants'.

As a direct cause of the segregated and discriminatory actions of the Defendants' against minor S.G. the Plaintiffs' suffered and continues to suffer irreparable injury to minor S.G. person as well as impeccable academic record and dedicated educational lifestyle. The Plaintiffs' have been subjected to a hostile segregated and discriminatory educational atmosphere by the Defendants' with intent to cause injury to the minor S.G. good standing and excellent academic record as well as having subjected minor S.G. to a hostile violent and retaliatory educational atmosphere based on minor S.G. status as a homeschooled student.

The Defendants' have subjected the Plaintiffs' to heightened standards and have created rules specifically for the Plaintiffs' that are not found in law or promulgated by legislation. The Defendants' have subjected the Plaintiffs' to discrimination, civil rights violations, allowed minor S.G. to be subjected to repeated harassment as well as extreme physical assaults. The Plaintiffs' further complains in regards to intentional discrimination by the Defendants' on the basis of status and race and gender as well as intentional and retaliation against the Plaintiffs' because Plaintiffs' chose to exercise constitutionally protected rights.

The Defendants' engaged in unlawful segregated, discriminatory, arbitrary and capricious random decision making against the Plaintiffs' which has interfered with fairness, due process and constitutionally protected rights. The Defendants' further subjected the Plaintiffs' to a subjective admission process in a discriminate manner based on status and race and gender although there was in place an objective standard for all applicants similarly situated. In addition to direct evidence of discrimination, racial "prejudice or stereotype" may be proven through circumstantial evidence. **See Village of Arlington Heights v. Metro. Hous. Dev. Corp, 429 U.S. 252, 266.** "Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant, particularly if

the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached."

Plaintiffs' hereby brings forth this complaint for damages and certain remedial actions, including a monetary award of $350,000, 000 (THREE **HUNDRED FIFTY MILLION DOLLARS)**. The Plaintiffs' seeks <u>all available forms of declaratory, injunctive, retrospective, and prospective relief</u> that correspond to the various cause of action and prayers for relief herein. Plaintiffs' further complains in regards to intentional discrimination by the Defendants' on the basis of status race and arbitrary and capricious classification. The Defendants' engaged in unlawful segregated, discriminatory, arbitrary and capricious random decision making against the Plaintiffs' which has interfered with fairness, due process and constitutionally protected rights.

The actions of the defendants' have been and/or are being performed 'under the color of law'. Each defendant is and or has been ignoring, violating, impeding and denying the plaintiff rights secured pursuant to federal protections. The defendants' actions against Plaintiffs' were intentional and reckless and as such the Plaintiffs' are further entitled to punitive damages as well. **See Smith v Wade, 461 US 30.** The United States Supreme Court has held that rights, constitutional and otherwise, do not exist in a vacuum. Their purpose is to protect persons from injures to particular interests, and their contours are shaped by the interest they protect. **(Carey v Piphus, 435 U.S. at 254).**

1.    This is a multi-grounded civil rights action at law, at common law, and also in equity, to vindicate and restore various rights of the Plaintiffs' secured under federal law, to vindicate and restore various rights of the Plaintiffs' secured under federal law, to vindicate and restore their various inalienable rights guaranteed under certain portions of,

and several Amendments to, the United States Constitution, and for the Plaintiffs 'to claim all rights, damages, and forms of reliefs obtainable under any available means, in the interest of justice, and through the authority and supplemental jurisdiction vested in this Court by 28 USC § 1367, and also through Article III of the United States Constitution, if and as necessary.

2. In no way, shape, or form, do or will the Plaintiff claim or assert, either expressed or implied, any manner of rights or interests alluding to any aspect of controversy under any state law, whatsoever, excepting only that a matter must be fairly characterized as an act, practice, or policy of, or by, the state which exists or functions in derogation of federal law or federal rights.

3. Further, Plaintiffs' expressly disclaim any such allusions to matters arising solely under state law or state rights, with, again, excepting only that a given matter must or might be fairly characterized as an act, practice, pattern, or policy of, or committed by, the state which exists or functions in derogation of federal law or federal rights.

4. There presently exist a United States Constitution, a Bill of Right, a United States Supreme Court, as well as federal statues ensuring strict compliance with all such federal law and applicable federal rights. The Defendants' named supra, themselves have routinely misapplied and outright disregard the law and the Plaintiffs' has no recourse except to come to the federal government to assist in enforcing its own laws and to prohibit the Defendants' named supra from consistently misapplying the law and violation of Plaintiffs' rights.

5. Given the above seriousness and important nature of this case, the significant implications to the general public, and the same including grievous and numerous

violations of civil and constitutional rights, this Court, respectfully speaking, should afford special attention thereupon, and impart expediency to the resolution of this action, pursuant to all authority under 28 USC § 1657 (a).

## GOVERNING LAW

1. **Title VI of the Civil Rights Act of 1964** provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Under Title VI, "the term 'program or activity' and the term 'program' mean all of the operations ... of a college, university, or other postsecondary institution or a public system of higher education ... any part of which is extended Federal financial assistance." 42 U.S.C. § 2000d-4a. An institution that accepts federal funds violates Title VI when it engages in racial or ethnic discrimination that violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. **See Gratz v. Bollinger, 539 U.S. 244**,.("We have explained that discrimination that violates the Equal Protection Clause of the Fourteenth Amendment committed by an institution that accepts federal funds also constitutes a violation of Title VI.") **See also *Alexander v .Sandoval,* 532 U.S. 275**. 42 U.S.C. § 1983 is not a cause of action, but a procedural method to enforce rights guaranteed and protected under the Federal constitution as well as certain federal statutory rights. 42 USC § 1983 actions may sometimes be based on a violation of a federal statute, if the statute creates a federal *right*. **See Maine v. Thiboutot, 448 U.S. 1, see also Blessing v. Freestone, 520 U.S. 329.** Pursuant

to **Title 42 USC, Sec. 2000d-**7 "civil rights remedies equalization" the defendants' shall not be immune under the 11th Amendment of the Constitution of the United States from suit in federal court for a violation of title VI of the Civil Rights Act of 1964 or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance,. Remedies including both law and equity are available. The Title allows the Plaintiff to bring an action against agencies, departments, and employees for civil rights violations while dealing in commerce. Section 1983 provides a remedy for Plaintiffs' who have been deprived of rights, privileges or immunities granted by the Constitution or federal law. **See Daniels v Williams, 474 US 327.** Federal Courts apply section 1983 liberally to achieve its goal of protecting official violations of federally protected rights, inclusive of the power to remedy as well as deter violations of rights guaranteed by the Constitution and/or federal statutes. **See Dennis v Higgins, 498 US 439.**

2. **The Fourteenth Amendment** provides, in relevant part, that no person shall be denied "the equal protection of the laws." The "central mandate" of equal protection is "racial neutrality" by the government or institution subject to the Fourteenth Amendment. **See *Miller v. Johnson*, 515 U.S. 900**. "Whenever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection." **See Adarand Constructors, Inc. v. Pena, 515 U.S. 200**. "Distinctions between citizens solely because of their ancestry are by their very nature odious to a free people, and therefore are

10

contrary to our traditions and hence constitutionally suspect." **See Fisher, 133 S. Ct. 2419**. Thus, "any official action that treats a person differently on account of race or ethnic origin is inherently suspect." In other words, "because racial classifications so seldom provide a relevant basis for disparate treatment, the Equal Protection Clause demands that racial classifications be subjected to the most rigid scrutiny." *Id*. All racial classifications must be analyzed by a reviewing court under strict scrutiny." **See Adarand, 515 U.S. at 227.** "Strict scrutiny is a searching examination, and it is the government [or institution subject to the Fourteenth Amendment through Title VI] that bears the burden to prove that the reasons for any racial classification are clearly identified and unquestionably legitimate." **See Fisher, 133 S.Ct. 2419.** Strict scrutiny thus requires a "detailed judicial inquiry to ensure that the personal right to equal protection of the laws has not been infringed." **See Adarand, 515 U.S. 227**. In particular, strict scrutiny requires a "detailed examination, both as to ends and to means." When those governmental or other institutions subject to the Fourteenth Amendment directly or through Title VI implement policies and practices that "touch upon an individual's race or ethnic background, he is entitled to a judicial determination that the burden he is asked to bear on that basis is precisely tailored to serve a compelling governmental interest."

## 3. FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT

20 U.S.C.§ 1232g; 34 CFR PART 99. FERPA gives parents rights with respect to their children's educational record. Parents have the right to inspect and review the student's education records maintained at the school. Parents have the right to

request that a school correct records that a school believe to be inaccurate or misleading. The law applies to all schools that receive funds under an applicable program of the U.S. Department of Education.

4. **18 USC § 241-** Conspiracy against rights-"If two or more persons conspire to injure, oppress, threaten. Or intimidate any person in any State...in the free exercise or enjoyment of any right or privileged secured to him by the Constitution or laws of the United States because of his having so exercised the same...or if two or more persons prevent, or hinder his free exercise or enjoyment of any right or privilege so secured.....

5. **18 USC § 242-** Deprivation of rights under color of law-"Whoever, under color of any law, statue, ordinance, regulation, or custom, willfully subjects any person in any State...to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States...

6. **42 USC § 1981-** Equal rights under the law-"All persons within the jurisdiction of the United States shall have the same right in every State...to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens....

7. **42 USC § 1986-** Action for neglect to prevent-"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects to do so, if such wrongful act to be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act be committed, which such person by

12

reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal maybe joined as defendants in the action..."

8. **42 USC § 1988**-Proceedings in vindication of civil rights-"The jurisdiction in civil and criminal matters conferred on the district courts. For the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States.....

## FACTUAL ALLEGATIONS

The Plaintiffs' have a right to equal protection under the law, through litigation and any other lawful means. The plaintiff has the constitutional right to be free from discrimination on the basis of race. It is a well-established maxim of statutory construction that, absent ambiguity, the plain language of the statute controls. Further, Plaintiffs' expressly disclaim any such allusions to matters arising solely under state law or state rights, with, again, excepting only that a given matter must or might be fairly characterized as an act, practice, pattern, or policy of, or committed by, the state which exists or functions in derogation of federal law or federal rights. "The starting point in interpreting a statute is its language, for ` [if] f the intent of Congress is clear, that is the end of the matter.'" **See Good Samaritan Hospital v. Shalala, 113 S. Ct. 2151, 2157.** Egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities.

A private citizen may move a federal court on behalf of the United States ex relation. **See United States ex rel. Toth v Quarles, 350 US 11.** Plaintiffs' is likewise not required to have a

13

'license' to practice law in order to proceed as a qualified private attorney general. **See Agency Holding Corp. v Malley-Duff & Associates, 483 US 143.** The Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, as well as 42 USC section 1981 all prohibit discrimination against individuals in educational settings. The Highest Court in **Yick Wo v Hopkins, 118 US 356,** announced that the equal protection of the laws is a "pledge of the protection of equal laws".

The defendants' actions were invalid and in violation of clearly established federal law. **See Regents of the University of California v Bakke, 438 US 265.** The defendants'' federal funding and assistance is based on compliance with federal laws. The language of Title 6 of the Civil Rights Act of 1964 mandates that, "No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The defendants' actions were impermissible and done with malice and blatant disregard of the Plaintiff's clearly established constitutional rights.

The Plaintiffs' have raised genuine issues of material fact and has met all conditions precedent and has presented triable issues of fact that a reasonable jury could conclude that the defendants' engaged in, are responsible for and caused the injuries complained of within the complaint in violation of the Plaintiffs' rights secured under both the Constitution and federal statutes. The Plaintiffs' asserted that the defendants' acted under the color of state law and deprived the Plaintiffs' of rights secured by the Constitution, and federal statutes.

The defendants are inflicting irreparable injury onto the Plaintiff pursuant to "an operational agreement" and their actions/ "operational agreements" are inconsistent with the laws providing for equal rights. Federal courts are empowered to enjoin the defendants from

14

systematically depriving the plaintiff of constitutional rights. **See Dombrowski v Pfister, 380 US 479.**

## SPECIFIC ALLEGATIONS

Minor S.G. and S.G's mother Ms. I. Griffin have been subjected to extreme discrimination, and retaliation based on the status of Minor S.G. race, gender and status as a homeschooled student. The Defendants' have intentionally ostracized the minor, refused to accord minor S.G. due process, equality and inclusion. The Defendants allowed minor S.G. to be subjected to retaliation, harassment, physical assaults. The defendants' refused to correct the academic status of minor S.G. and refused to accord S.G's mother constitutional and parental rights regarding records, corrections, safety and so forth. Minor K.L. was specifically and intentionally used to subject S.G. to harassment, bullying, threats and extreme physical assaults that could have led to an ultimate and untimely demise. At no time, did the defendants' having prior knowledge of the dangerous behaviors of Minor K.L. stop to intervene from the physical assaults and knowingly and intentionally allowed Minor K.L., with the use of a deadly weapon, inflict substantial physical assault onto S.G.

Prior, to the assaults by Minor K.L., defendant Haralson repeatedly relayed personal information about minor S.G. and minor S.G. mother to other students whom then confronted S.G. in regards to the information. Defendant Haralson, was and or is assumed to have received consents from the other defendants' as they had knowledge of Defendant Haralson acts and actions and failed to discipline, correct or stop the unconstitutional, discriminatory and harmful behavior of said defendant.

## PARTIES TO THE ACTION

15

**Plaintiffs'**

The plaintiffs' named in action is in full compliance with FRCP 17 as well as mandates of the United States Supreme Court. FRCP 17, an action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought; (f) a party with whom or in whose name a contract has been made for another's benefit, (such as a Power of Attorney as affirmed under 42 USC 1320d, the Health Insurance Portability and Accountability Act, and applicable regulations.

Minor S.G. is the biological child of Ms. I. G.; Minor S.G. is an underage child whom has been subjected to sever unconstitutional violations by the defendants' as a whole and/or individually. Minor S.G. is a homeschooled student whom had the right to attend a public school on a 'part time' basis, and attempted to do so, yet was treated with discrimination, retaliation, segregation and extreme physical assaults while in attendance of the public school.

Ms. I.G. as biological, lawful, natural Mother & next of kin, of minor S.G. and has shared a very close, relationship, upbringing and rearing of her minor child. Ms. I.G. has been solely responsible for the nurture, care, clothing, grooming, and lifestyle of minor S.G. and has and does everything humanly possible to assure to the best of her ability that minor S.G. is cared for protected, loved, appreciated. Ms. I.G. has homeschooled minor S.G. since the age of 5 and because of the excelling of minor S.G. academic performance, incorporated a legally and lawfully component of 'public school' courses this academic school year.

Ms. I.G. as biological, lawful, natural Mother & next of kin, of minor S.G. personally brought minor S.G. to the public school and personally picked minor S.G. up from said school, personally attended parental conferences, and personally met with the majority of the

16

defendants' named supra on several occasions as it related to the academics and so forth of minor S.G. Ms. I.G. as biological, lawful, natural Mother & next of kin, of minor S.G., went above and beyond to make it known to the defendants' that she was and would remain actively available at any and all times regarding the needs, necessity and so forth concerning minor S.G. At all times during Ms. I.G.'s presence on the school site regarding minor S.G. various staff, including teachers and other administrators stated to Ms. I.G. how impressed they were with S.G's mannerism, behavior and/or knowledge and what a joy and/or pleasure minor S.G. was.

Parents have a liberty interest in the life of their children. This liberty interest extends beyond their children being minors. **See Freedman v City of Allentown, 853 F. 2d 111 (3rd cir.)** In **Bell v City of Milwaukee, 746 F.2d 1205 (7th cir)**, the 7th circuit noted that the parents has a right to maintain a section 1983 action for deprivation of liberty interest, noting the parents 'cognizable liberty interest in preserving life and safety of their child from deprivation of state action and maintaining of family integrity.

The United States Supreme Court in myriads of rulings, confirmed that a third party may assert the rights of another person in order to vindicate them when a person in unable to do so. **See Barrows v Jackson, 346 US 249**. Further, in **Kowalski; 125 S.Ct. 564**, the United States Supreme Court denoted that a third party has standing when (1) litigants must have suffered an injury in fact that gives him or her concrete interest in an outcome of dispute (2) there is a sufficiently close relationship to the person on whom the action is brought (3) there must exist some hindrance to the third party's ability to protect his or her own right. The plaintiff alleges all conditions precedent was performed or has occurred. The defendants must deny with particularity any conditions that were not performed.

United States ex rel denotes that the United States is also a party to this complaint as the laws
of the United States and its protections have been and are being violated by the
defendant' and as such the action is a matter of public importance as it is of general
public importance and will materially further the vindication of rights, privileges, and/or
immunities secured and/or protected by the Constitution of the United States. United
States ex rel Ms. I.G., as a direct result of the unconstitutional actions of the Defendants,
whom were acting under color of law/authority is and continues to suffer irreparable
injury.

Plainitff United States ex rel Ms. I.G. is a necessary party as this action is of significant
public importance and the laws of the United States are being egregiously violated by the
defendants to the point that the United States Attorney General and intervention in this
action by way of 42 U.S.C.§ 1977b, and will materially further the vindication of rights,
privileges and/or immunities secured or protected by the Constitution of the United States
and as such having a mandatory obligation to enter onto the premises of Milwaukee
Public Schools and open up an official investigation.

As a direct and proximate result of the Defendants' actions and omissions Plaintiff Ms. I.G.,
has standing to pursue her own individual claim and as such also has standing to raise
separate claims regarding 'others. The United States Supreme Court in **Bond v United
States, 564 US 211 (2011),** affirmed that 'states are not the sole beneficiaries of
federalism" and 'an individual has a "direct interest in objecting to laws that upset the
constitutional balance between the National Government and the States 'The United
States further noted in a separate case, 'where a plaintiff alleges that the defendants'

actions injures him or her in a concrete and personal way, it does not matter how many other persons have also been injured.

**Defendants'**

Corporations, further can be held liable for the specific intent offenses based on the "knowledge and intent" of their employees. **See United States v LaGrou Distribution Systems, 466 F. 3d 585 (7ᵗʰ cir 2006).** Wisconsin's law, specifically Wisconsin Statutes section 990, 01(26) mandates that a *"person"* includes all partnerships, associations and body politic or *corporate*. Local governments are "persons" and can be sued and are subject to its punitive treble damages remedy. **See United States ex rel. Chandler v. Cook County, Illinois, Case No. 00-4110 (7th Cir. Jan. 22, 2002).**

## 1. Defendant Milwaukee Public Schools (doing business as a body corporate)

The defendant neglected and/or omitted to perform duties owed to the Plaintiffs' which were imperative, absolute and owing and failure to perform such duties directly injured the plaintiffs' constitutional rights. The defendant is a municipal corporation located within the State of Wisconsin, within the United States of North America, specifically the City of Milwaukee that has a responsibility to adhere to all State as well as federal always as it relates to the subject matter. Further, it has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to it. The Milwaukee Public Schools has engaged in myriads of non delegable laws, engage in a 'dramatic shift' from the mandates of the United States Constitution, Wisconsin Constitution and the Wisconsin legislative laws and is departing from familiar and long accepted constraints on the exercise of power.

19

The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by law that is owed to the public as well as the plaintiffs' and further has engaged in the use of false subjective admission criteria(s) solely because minor S.G. is homeschooled student to engage in discriminate actions against the Plaintiffs'. The defendant is subject to liability under the doctrine of respondenant superior for the actions of its agents, officers and/or employees acting within the scope of their employment. The defendant is liable for the injuries and damages from the dangerous and unconstitutional conditions the plaintiffs' were subjected to on their facilities. The defendants' owed a duty to the plaintiffs' while entrusted with the educational care of minor S.G., failed to perform the ministerial duties to take necessary reasonable steps to protect the safety, life and health of minor S.G. The acts and /or omissions of the defendant were deliberate and a proximate cause of the deprivation of the Plaintiffs' constitutional rights. A municipality lacks power to authorize its officers to perform illegal acts, and lacks the power to ratify such acts after the acts are performed.

**2. Defendant Office of Board Governance (doing business as a body corporate)**

The defendant neglected and/or omitted to perform duties owed to the Plaintiffs' which were imperative, absolute and owing and failure to perform such duties directly injured the plaintiffs' constitutional rights. The defendant is a municipal corporation located within the State of Wisconsin, within the United States of North America, specifically the City of Milwaukee that has a responsibility to adhere to all State as well as federal always as it relates to the subject matter. Further, it has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to it. The Office of

20

Board of Governance has engaged in myriads of non delegable laws, engage in a 'dramatic shift' from the mandates of the United States Constitution, Wisconsin Constitution and the Wisconsin legislative laws and is departing from familiar and long accepted constraints on the exercise of power. The defendant is subject to liability under the doctrine of respondenant superior for the actions of its agents, officers and/or employees acting within the scope of their employment. The defendant is liable for the injuries and damages from the dangerous and unconstitutional conditions the plaintiffs' were subjected to on their facilities. The defendants' owed a duty to the plaintiffs' while entrusted with the educational care of minor S.G., failed to perform the ministerial duties to take necessary reasonable steps to protect the safety, life and health of minor S.G. The acts and /or omissions of the defendant were deliberate and a proximate cause of the deprivation of the Plaintiffs' constitutional rights. A municipality lacks power to authorize its officers to perform illegal acts, and lacks the power to ratify such acts after the acts are performed. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by law that is owed to the public as well as the plaintiffs' and further has engaged in the use of false subjective admission criteria(s) solely because minor S.G. is homeschooled student to engage in discriminate actions against the Plaintiffs'

### 3. Defendant Aaron Shapiro (individual capacity)

The defendant neglected and/or omitted to perform duties owed to the Plaintiffs' which were imperative, absolute and owing and failure to perform such duties directly injured the plaintiffs' constitutional rights. The defendant has a responsibility to adhere to all State as well as federal

21

laws as it relates to the subject matter. Further, the defendant has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to him. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The defendant has engaged in myriads of non delegable laws, engage in a 'dramatic shift' from the mandates of the United States Constitution, Wisconsin Constitution and the Wisconsin legislative laws and is departing from familiar and long accepted constraints on the exercise of power. The defendant is subject to liability under the doctrine of respondenant superior for the actions of his agents, officers and/or employees acting within the scope of their employment. The defendant is liable for the injuries and damages from the dangerous and unconstitutional conditions the plaintiffs' were subjected to on their facilities. The defendants' owed a duty to the plaintiffs' while entrusted with the educational care of minor S.G., failed to perform the ministerial duties to take necessary reasonable steps to protect the safety, life and health of minor S.G. The acts and /or omissions of the defendant were deliberate and a proximate cause of the deprivation of the Plaintiffs' constitutional rights. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by law that is owed to the public as well as the plaintiffs' and further has engaged in the use of false subjective admission criteria(s) solely because minor S.G. is homeschooled student to engage in discriminate actions against the Plaintiffs'

### 4. Defendant Glen Dawursk (individual capacity)

The defendant neglected and/or omitted to perform duties owed to the Plaintiffs' which were imperative, absolute and owing and failure to perform such duties directly injured the plaintiffs'

constitutional rights. The defendant has a responsibility to adhere to all State as well as federal laws as it relates to the subject matter. Further, the defendant has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to him. The defendant has engaged in myriads of non delegable laws, engage in a 'dramatic shift' from the mandates of the United States Constitution, Wisconsin Constitution and the Wisconsin legislative laws and is departing from familiar and long accepted constraints on the exercise of power. The defendant is subject to liability under the doctrine of respondenant superior for the actions of his agents, officers and/or employees acting within the scope of their employment. The defendant is liable for the injuries and damages from the dangerous and unconstitutional conditions the plaintiffs' were subjected to on their facilities. The defendants' owed a duty to the plaintiffs' while entrusted with the educational care of minor S.G., failed to perform the ministerial duties to take necessary reasonable steps to protect the safety, life and health of minor S.G. The acts and /or omissions of the defendant were deliberate and a proximate cause of the deprivation of the Plaintiffs' constitutional rights. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by law that is owed to the public as well as the plaintiffs' and further has engaged in the use of false subjective admission criteria(s) solely because minor S.G. is homeschooled student to engage in discriminate actions against the Plaintiffs'

## 5. Defendant Lawrence Ambrose (individual capacity)

The defendant neglected and/or omitted to perform duties owed to the Plaintiffs' which were imperative, absolute and owing and failure to perform such duties directly injured

23

the plaintiffs' constitutional rights. The defendant has engaged in myriads of non delegable laws, engage in a 'dramatic shift' from the mandates of the United States Constitution, Wisconsin Constitution and the Wisconsin legislative laws and is departing from familiar and long accepted constraints on the exercise of power. The defendant has a responsibility to adhere to all State as well as federal laws as it relates to the subject matter. Further, the defendant has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to him. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by law that is owed to the public as well as the plaintiffs' and further has engaged in the use of false subjective criteria(s) solely because minor S.G. is homeschooled student to engage in discriminate actions against the Plaintiffs'

**Defendant Parent(s)/Guardian(s) of minor K. L. (official and personal capacity)**

The defendant has a responsibility to adhere to all State as well as federal laws as it relates to the subject matter. Further, the defendant has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to him. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law by directly contributing to the delinquency of minor K.L., allowing minor K.L. to be unsupervised and used as an 'arm' of the defendants to subject minor S.G. to cruel and unusual abuse, harassment, threats, bullying and extreme physical assaults by used of a deadly weapon. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by

24

law that is owed to the public as well as the plaintiffs' 'as the parent(s)/and/or guardian(s) of minor K.L. and has contributed to the deprivations of the rights of the Plaintiffs' by contributed to the delinquency of minor K.L.

### 6. **Defendant Rishon Haralson (individual capacity)**

The defendant neglected and/or omitted to perform duties owed to the Plaintiffs' which were imperative, absolute and owing and failure to perform such duties directly injured the plaintiffs' constitutional rights. The defendant has engaged in myriads of non delegable laws, engage in a 'dramatic shift' from the mandates of the United States Constitution, Wisconsin Constitution and the Wisconsin legislative laws and is departing from familiar and long accepted constraints on the exercise of power. The defendant has a responsibility to adhere to all State as well as federal laws as it relates to the subject matter. Further, the defendant has a unique duty to function and operate in accordance with the laws and authority delegated to it and cannot go any further than what is delegated to him. The defendant knowingly and willfully engaged in the deprivation of the plaintiffs' rights under color of law. The Defendant is and have been engaging in a public harm and is failing to carry out its duty as proscribed by law that is owed to the public as well as the plaintiffs' and further has engaged in the use of false subjective criteria(s) solely because minor S.G. is homeschooled student to engage in discriminate actions against the Plaintiffs'

## **GROUNDS FOR RELIEF**

## **FIRST CAUSE OF ACTION**

**Title VI of the Civil Rights Act of 1964**

**(ALL DEFENDANTS')**

While acting under the color of law and/or purporting to act under the color of law, the defendants treated the Plaintiffs' separately, unequally, segregated and as such the actions complained of constitute a violation of the Plaintiffs' equal protection rights secured under the laws of the United States Constitution and there under. These actions were arbitrary and not founded in any law. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Under Title VI, "the term 'program or activity' and the term 'program' mean all of the operations ... of a college, university, or other postsecondary institution or a public system of higher education ... any part of which is extended Federal financial assistance." 42 U.S.C. § 2000d-4a. An institution that accepts federal funds violates Title VI when it engages in racial or ethnic discrimination that violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. **See Gratz v. Bollinger, 539 U.S. 244,**

Plaintiff reallege the above allegations as if hereinafter set forth in full and further states these claims arise under Title 42 of The United States Code (Civil Rights Act of 1964, as amended) including but not limited to § 1983. Defendants' deprived Plaintiff of her rights, privileges, and immunities secured by the United States Constitution (or other federal laws). The arbitrary, highly offensive discriminatory actions of the Defendants' named supra shocks the conscience, and are clearly, and unjustifiable unconstitutional, and illegal. The defendants' had no justifiable or legitimate state interest or objective in the disparate treatment against the

Plaintiff, which was and is wholly different and not in conformity with others similarly situated.
By reason of the foregoing, Plaintiff is entitled to the Relief set forth in the Prayer and as
qualified as above.

## SECOND CAUSE OF ACTION

## FAMILY EDUCATIONAL RIGHTS & PRIVACY ACT

### (ALL DEFENDANTS EXCLUDING DEFENDANTS' Parent/Guardian of Minor K. L)

While acting under the color of law and/or purporting to act under the color of law, the defendants
treated the Plaintiffs' separately, unequally, segregated and as such the actions complained of
constitute a violation of the Plaintiffs' equal protection rights secured under the laws of the
United States Constitution and there under. These actions were arbitrary and not founded in any
law. The defendants' treated the Plaintiffs' separately, unequally, segregated and as such the
actions complained of constitute a violation of the Plaintiffs' equal protection rights secured
under the laws of the United States Constitution and there under. These actions were arbitrary
and not founded in any law. The defendants' have used false subjective admission criteria to
engage in discriminate actions against the Plaintiffs' and did so in a discriminatory manner
against a homeschooled student in which other similarly situated students had not been subjected
to.

20 U.S.C.§ 1232g; 34 CFR PART 99. FERPA gives parents rights with respect to their children's
educational record. Parents have the right to inspect and review the student's education records
maintained at the school. Parents have the right to request that a school correct records that a
school believe to be inaccurate or misleading. The law applies to all schools that receive funds
under an applicable program of the U.S. Department of Education.

27

Plaintiff reallege the above allegations as if hereinafter set forth in full and further states these claims arise under 20 U.S.C. section 1232g; 34 CFR PART 99) Defendants' deprived Plaintiffs' of rights, privileges, and immunities secured by the United States Constitution (or other federal laws). The arbitrary, highly offensive discriminatory actions of the Defendants' named supra shocks the conscience, and are clearly, and unjustifiable unconstitutional, and illegal. The defendants' had no justifiable or legitimate state interest or objective in the disparate treatment against the Plaintiffs', which was and is wholly different and not in conformity with others similarly situated. By reason of the foregoing, Plaintiffs' are entitled to the Relief set forth in the Prayer and as qualified as above.

## **THIRD CAUSE OF ACTION 18 USC § 242**

### **(ALL DEFENDANTS')**

While acting under the color of law and/or purporting to act under the color of law, the defendants treated the Plaintiffs' separately, unequally, segregated and as such the actions complained of constitute a violation of the Plaintiffs' equal protection rights secured under the laws of the United States Constitution and there under. These actions were arbitrary and not founded in any law. Deprivation of rights under color of law-"Whoever, under color of any law, statue, ordinance, regulation, or custom, willfully subjects any person in any State...to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States...

28

Plaintiff realleges the above allegations as if hereinafter set forth in full and further states these claims arise under 18 USC sections 242). Defendants' deprived Plaintiffs' of rights, privileges, and immunities secured by the United States Constitution (or other federal laws). The arbitrary, highly offensive discriminatory actions of the Defendants' named supra shocks the conscience, and are clearly, and unjustifiable unconstitutional, and illegal. The defendants' had no justifiable or legitimate state interest or objective in the disparate treatment against the Plaintiffs', which was and is wholly different and not in conformity with others similarly situated. By reason of the

foregoing, Plaintiff is entitled to the Relief set forth in the Prayer and as qualified as above.

## **FOURTH CAUSE OF ACTION**

**42 USC § 1981**

**(ALL DEFENDANTS')**

While acting under the color of law and/or purporting to act under the color of law, the defendants treated the Plaintiffs' separately, unequally, segregated and as such the actions complained of constitute a violation of the Plaintiffs' equal protection rights secured under the laws of the United States Constitution and there under. These actions were arbitrary and not founded in any law. Action for neglect to prevent-"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects to do so, if such wrongful act to be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act be committed, which such person by reasonable diligence could have prevented; and such damages may be recovered in an

action on the case; and any number of persons guilty of such wrongful neglect or refusal maybe joined as defendants in the action..."

Plaintiff realleges the above allegations as if hereinafter set forth in full and further states these claims arise under 42 USC 1981. Defendants' deprived Plaintiffs' of rights, privileges, and immunities secured by the United States Constitution (or other federal laws). The arbitrary, highly offensive discriminatory actions of the Defendants' named supra shocks the conscience, and are clearly, and unjustifiable unconstitutional, and illegal. The defendants' had no justifiable or legitimate state interest or objective in the disparate treatment against the Plaintiffs', which was and is wholly different and not in conformity with others similarly situated. By reason of the foregoing, Plaintiffs' are entitled to the Relief set forth in the Prayer and as qualified as above.

Equal rights under the law-"All persons within the jurisdiction of the United States shall have the same right in every State...to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens....

## **FIFTH CAUSE OF ACTION**

**42 USC § 1986**

**(ALL DEFENDANTS')**

While acting under the color of law and/or purporting to act under the color of law, the defendants treated the Plaintiffs' separately, unequally, segregated and as such the actions complained of constitute a violation of the Plaintiffs' equal protection rights secured under the laws of the United States Constitution and there under. These actions were arbitrary and not founded in any law. Action for neglect to prevent-"Every person who, having knowledge that

30

any of the wrongs conspired to be done, and mentioned in section 1985of this title, are about to

be committed, and having power to prevent or aid in preventing the commission of the same,

neglects to do so, if such wrongful act to be committed, shall be liable to the party injured, or his

legal representatives, for all damages caused by such wrongful act be committed, which such

person by reasonable diligence could have prevented; and such damages may be recovered in an

action on the case; and any number of persons guilty of such wrongful neglect or refusal maybe

joined as defendants in the action..."


Plaintiff reallege the above allegations as if hereinafter set forth in full and further states these

claims arise under 42 USC section 1986. Defendants' deprived Plaintiffs' of rights, privileges,

and immunities secured by the United States Constitution (or other federal laws). The arbitrary,

highly offensive discriminatory actions of the Defendants' named supra shocks the conscience,

and are clearly, and unjustifiable unconstitutional, and illegal. The defendants' had no justifiable

or legitimate state interest or objective in the disparate treatment against the Plaintiffs', which

was and is wholly different and not in conformity with others similarly situated. By reason of the

foregoing, Plaintiffs' are entitled to the Relief set forth in the Prayer and as qualified as above.


### SIXTH CAUSE OF ACTION

### 42 USC § 1988

### (ALL DEFENDANTS)

While acting under the color of law and/or purporting to act under the color of law, the

defendants treated the Plaintiffs' separately, unequally, segregated and as such the actions

31

complained of constitute a violation of the Plaintiffs' equal protection rights secured under the laws of the United States Constitution and there under. These actions were arbitrary and not founded in any law. Proceedings in vindication of civil rights-"The jurisdiction in civil and criminal matters conferred on the district courts. For the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States.....

Plaintiff reallege the above allegations as if hereinafter set forth in full and further states these claims arise under 42 USC section 1988. Defendants' deprived Plaintiffs' rights, privileges, and immunities secured by the United States Constitution (or other federal laws). The arbitrary, highly offensive discriminatory actions of the Defendants' named supra shocks the conscience, and are clearly, and unjustifiable unconstitutional, and illegal. The defendants' had no justifiable or legitimate state interest or objective in the disparate treatment against the Plaintiffs', which was and is wholly different and not in conformity with others similarly situated. By reason of the foregoing, Plaintiffs' are entitled to the Relief set forth in the Prayer and as qualified as above.

## **PRAYER FOR RELIEF**

The jurisdiction in this civil matter conferred on the district courts is for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States.....The Defendants' have willfully committed gross negligence and reckless disregard to the various basic and absolute duties owed towards the Plaintiffs' and the Plaintiffs' related, inherent, natural, legal and constitutional rights, to due process all in violation of various civil and/or constitutional rights, contrary to the laws of the United States, and they should be thereof found due and owing to the Plaintiffs' for

32

certain amounts of damages; $350, 000,000 and all remedial actions appropriate thereof should be taken expeditiously.

I. The Plaintiff prays that there is a finding that the Defendants' have violated the Plaintiff constitutional rights as described in said complaint, in violation of The federal laws cited supra, and as such the Plaintiff be awarded actual, compensatory, statutory, consequential damages; punitive and treble damages in the amount of $350.000,000. The Plaintiff further prays for the Court to enforce injunctive and declaratory relief to effectuate justice, require the Defendants' to immediately remedy in accordance with the law all violations and to ensure that adequate steps are implementing to deter reoccurrence in the future. Order the Defendants' to cease violating the Constitution of the United States and those of the Plaintiff that are federally protected.

II. The Plaintiff prays that all issues be tried by a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, to weigh and decide the facts.

III. Involve the U.S. Attorney General to monitor and implement penalties against Milwaukee Public Schools for its failures to accord Homes School Students Due Process and Equal Rights under the Law

IV. Involve the U.S. Attorney General to monitor and implement penalties against Milwaukee Public Schools for failures to protect students from bullying, harassment & violence on the facilities referred to as Public school buildings by other students

V. Apply strict scrutiny to each defendant, on an individual basis.

VI. Effectuate any other relief deem necessary.

33

**Respectfully submitted this 13th date of the year 2023, in the month of February.**

M. J. D

Ms I G.
P.O.Box 73057
Milwakee, WI 53212