# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| I.G., S.G., *a minor by his or her mother* I.G., and UNITED STATES,<br><br>                  Plaintiffs,<br><br>I.G.,<br>                  Relator,<br><br>v.<br><br>MILWAUKEE PUBLIC SCHOOLS, OFFICE OF BOARD GOVERNANCE, AARON SHAPIRO, GLEN DAWURSK, LAWRENCE AMBROSE, PARENTS/GUARDIANS OF MINOR K.L., and RISHON HARALSON,<br><br>                  Defendants. | Case No. 23-CV-200-JPS<br><br><br>**ORDER** |

**1.**   **INTRODUCTION**

On February 13, 2023, Plaintiffs I.G., S.G. (by and through his or her mother, I.G.), and the "United States" filed a pro se complaint against various Defendants. ECF No. 1. Plaintiffs paid the filing fee therefor. *Id*. While the Court typically reserves the exercise of screening a complaint for those situations wherein the litigant proceeds in forma pauperis, the Court may nevertheless choose to screen a complaint for which the filing fee has been paid where such complaint presents obvious issues in pleading and/or frivolity. The Court will do so in this case.

**2.    SCREENING**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1387 (10th Cir. 1980). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658

F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider such a lengthy pro se complaint[1] "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, 2019 U.S. Dist. LEXIS 202582, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). And shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

---

[1] Plaintiffs' complaint is 34 pages long. ECF No. 1.

The issues with Plaintiffs' complaint are many. They include the following:

- Plaintiffs purport to include among themselves the "United States" without any basis for so doing.
- The complaint includes over twenty-five pages of relatively incoherent and disjointed recitation of law.
- The complaint is severely lacking in specific and basic factual allegations.
- The complaint seeks as damages the unfathomable amount of $350,000,000. ECF No. 1 at 3, 7.
- The complaint repeatedly makes obscure and inapplicable legal references.
- Plaintiffs' "Factual Allegations" section is comprised entirely of legal arguments, not factual allegations. *See id*. at 13–14.

"To understand [this] complaint, . . . the Court (and Defendants) must sort through pages of wordy, redundant, and irrelevant allegations to find the few nubs of actual alleged fact that give a picture of the case." *Mbandi v. Pangea Ventures LLC*, No. 1:22-cv-01274-JRS-TAB, 2022 U.S. Dist. LEXIS 234153, at *5 (S.D. Ind. Nov. 18, 2022). This the Court will not do.

### 3. CONCLUSION

Plaintiffs' complaint is in no state to be served on anyone. A complaint should consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It should not include legal arguments and citations to case law—and certainly not in such number as presented in Plaintiffs' complaint. "Making legal arguments in support of one's claim comes after the pleadings." *ACF 2006 Corp. v. Ladendorf*, 826 F.3d 976, 981 (7th Cir. 2016).

Critically, while Plaintiffs' complaint makes myriad broad, sweeping, generalized allegations, it is severely lacking in specific factual

allegations as to what allegedly occurred, to whom it occurred, and by whom it occurred. At present, in terms of facts, the complaint contains nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678. This is insufficient.

Accordingly, the Court will order Plaintiffs to file an amended complaint, should they wish to continue this action. The Court is enclosing a copy of the non-prisoner complaint form and guide, as well as a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions." Plaintiffs must list all of the defendants in the caption of their amended complaint. They should use the spaces on pages two and three to allege the key facts that give rise to the claims they wish to bring, and to describe which defendants they believe committed the violations that relate to each claim. If the space is not enough, Plaintiffs may use up to five additional sheets of paper.

When writing their amended complaint, Plaintiffs should provide the Court with enough facts to provide answers to the following questions: 1) Who violated their constitutional rights?; 2) What did each person do to violate Plaintiffs' rights?; 3) Where did each person violate Plaintiffs' rights?; and 4) When did each person violate Plaintiffs' rights? As noted, Plaintiffs should not include references to caselaw or legal arguments.

Plaintiffs may not add and retract in piecemeal style components to their complaints. *See Brown v. Uhl,* No. 22-CV-131-JPS, 2022 U.S. Dist. LEXIS 136801, at *3 (E.D. Wis. Aug. 2, 2022) (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)) ("Complaints may not be amended in a piecemeal fashion; the proposed amended complaint must be complete and set forth all claims against all defendants in one document."). To comply with this Order, if Plaintiffs choose to move forward with this

action, Plaintiffs need to submit an amended complaint which contains all the relevant facts in one document.

Accordingly,

**IT IS ORDERED** that Plaintiffs, should they wish to continue their action, shall file an amended complaint pursuant to the terms of this Order by **April 6, 2023**. Failure to do so will result in dismissal of this action without prejudice for failure to prosecute; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiffs a copy of the non-prisoner complaint form and guide and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge