# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| I.G., S.G., *a minor by his or her mother* I.G., and UNITED STATES,<br><br>      Plaintiffs,<br><br>I.G.,<br><br>      Relator,<br><br>v.<br><br>MILWAUKEE PUBLIC SCHOOLS, OFFICE OF BOARD GOVERNANCE, AARON SHAPIRO, GLEN DAWURSK, LAWRENCE AMBROSE, PARENTS/GUARDIANS OF MINOR K.L., and RISHON HARALSON,<br><br>      Defendants. | Case No. 23-CV-200-JPS<br><br><br>**ORDER** |

  On February 13, 2023, pro se Plaintiff I.G. ("Plaintiff") filed a complaint against various Defendants. Notwithstanding her payment of the filing fee therefore, the Court screened the action on March 9, 2023, in part because the complaint was severely lacking in specific factual allegations. ECF No. 2; *see Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *Slater v. Blinken,* No. 1:22-cv-0070 HAB-SLC, 2022 U.S. Dist. LEXIS 53670, at *1 (N.D. Ind. Mar. 24, 2022) ("Regardless of fee status, this court has the inherent authority to screen and dismiss the case *sua sponte* if it fails to state a claim."); *Griffin v.*

*Milwaukee County*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (affirming screening of non-prisoner plaintiff's complaint notwithstanding payment of filing fee where the complaint made it "impossible for the district court to identify the specific allegations against each defendant"); *Rezny v. Wisconsin Dep't of Fin. Insts.*, No. 22-C-1285, 2022 U.S. Dist. LEXIS 222067, at *4 (E.D. Wis. Dec. 9, 2022) ("Although [non-prisoner, pro se plaintiff] paid the full filing fee, Magistrate Judge Dries screened the complaint, as courts are permitted to do under 28 U.S.C. § 1915(e)(2) . . . ."). The Court granted Plaintiff until April 6, 2023 to file an amended complaint.

On March 24, 2023, Plaintiff filed objections to the Court's screening order. ECF No. 3. As described therein, Plaintiff takes issue with, *inter alia*, the Court's decision to screen her complaint, what she perceives as "hostility" and "bias" displayed by the Court, and what she perceives as an improper and arbitrary dismissal of her action. *See generally id*. These objections are without merit. The Court did not dismiss Plaintiff's action. It afforded her an opportunity to amend her complaint. Plaintiff did not take advantage of that opportunity. All complaints before the federal courts must comply with Rule 8. Plaintiff's complaint is no exception. Moreover, the Seventh Circuit has repeatedly reaffirmed the authority of the district courts to screen patently frivolous or non-compliant non-prisoner complaints, irrespective of the payment of the filing fee. Plaintiff's assertion to the contrary is in error.

Because Plaintiff has failed to timely amend her complaint to bring it into compliance with Rule 8 of the Federal Rules of Civil Procedure, the Court will dismiss the action. *Griffin*, 369 Fed. App'x at 743 ("A court is free to dismiss a complaint with prejudice when the plaintiffs have been given opportunities to amend, but fail to do so."); ECF No. 2 at 6 (screening order

instructing Plaintiff to amend by April 6, 2023 and warning that failure to do so will result in dismissal of the action without prejudice).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge